UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| ELIZABETH JEAN RASCOE, as Executrix of the Estate of Ewing Gray Rascoe, | ) ) ) ) |
| Plaintiff | ) ) ) |
| vs. | ) ) |
| UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., Universal Health Realty Income Trust, and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Services, | ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

**NOTICE OF REMOVAL**

Case Action No.: 1:16-cv-173-GNS

The Defendants, UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., Universal Health, Realty Income Trust, and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Services, pursuant to 28 U.S.C. § § 1332, 1441, and 1446, respectfully submit this Notice of Removal of this action from the Warren County, Kentucky Circuit Court, Division II, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky (Bowling Green). As grounds for this removal, the Defendants state as follows:

**LITIGATION FACTS**

1.     On or about September 22, 2016, the Plaintiff filed a Complaint against the Defendants in the Warren County, Kentucky Circuit Court, Division II, captioned *Elizabeth Jean Rascoe, As Executrix of the Estate of Ewing Gray Rascoe v. UHS of Bowling, LLC d/b/a Rivendell*

*Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., Universal Health Realty Income Trust and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Services,* bearing case number 16-CI-1018. A First Amended Complaint was filed on October 17, 2016.

2.      In the First Amended Complaint, the Plaintiff named a Kentucky citizen Janay Atkinson, an employee of Rivendell, as a Defendant. As set forth in greater detail below, however, the Plaintiff fraudulently named Janay Atkinson as a Defendant and her presence as a Defendant does not preclude removal on the basis of diversity jurisdiction because there can be no facts sufficient to support a viable claim against Janay Atkinson under Kentucky law.

3.      The corporate Defendants were served on October 3, 2016. Defendant Janay Atkinson was served on September 25, 2016. The Complaint, First Amended Complaint, Summonses and written discovery are the only pleadings, process, and/or orders that have been filed in this action to date. A copy of the complete Warren Circuit Court case file is attached as Exhibit 1.

### CITIZENSHIP OF THE PARTIES AND THE PLAINTIFF'S ALLEGATIONS

4.      Plaintiff asserts that she resides in Owensboro, Daviess County, Kentucky and that her husband, the deceased, was treated at the Rivendell facility in Bowling Green, Warren County, Kentucky from December 30, 2014 to January 14, 2015. First Amended Complaint, at ¶¶ 2, 3.

5.      Defendant UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital has one member: Universal Health Services, Inc., which is a private corporation organized and existing under the law of the state of Delaware and having its principal place of business in Pennsylvania. This Defendant was not at the time of the incident, and is not as of the date of the

filing of this Removal, a citizen of the Commonwealth of Kentucky.

6.     Defendant Universal Health Services, Inc. is incorporated in Delaware. Its officers direct, control, and coordinate the corporation's activities from King of Pressua, PA, which is Universal Health Services' principal place of business, or nerve center. *See The Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center'"). Therefore, Universal Health Services, Inc. is a citizen of Delaware with its principal place of business in Pennsylvania. This Defendant was not at the time of the incident, and is not as of the date of the filing of this Removal, a citizen of the Commonwealth of Kentucky.

7.     Defendant UHS of Delaware, Inc. is incorporated in Delaware. Its officers direct, control, and coordinate the corporation's activities from King of Prussia, PA, which is UHS of Delaware, Inc.'s principal place of business, or nerve center. *See The Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center'"). Therefore, UHS of Delaware, Inc. is a citizen of Delaware with it sprincipal place of business in Pennsylvania. This Defendant was not at the time of the incident, and is not as of the date of the filing of this Removal, a citizen of the Commonwealth of Kentucky.

8.     Defendant Universal Health Realty Income Trust is incorporated in Maryland. Its officers direct, control, and coordinate the corporation's activities from King of Prussia, PA, which is Universal Health Realty Income Trust's principal place of business, or nerve center. *See The*

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center'"). Therefore, Universal Health Realty Income Trust is a citizen of Maryland with its principal place of business in Pennsylvania. This Defendant was not at the time of the incident, and is not as of the date of the filing of this Removal, a citizen of the Commonwealth of Kentucky.

9.    Defendant Janay Atkinson is an individual residing in Kentucky.

10.    The Plaintiff alleges that the Defendant Janay Atkinison was a Director of Nursing for Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe and that the causes of action made the basis of this suit arise out of Defendant Janay Atkinson's management of Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe. However, Defendant Janay Atkinson was not an employee of UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital, or any other entity named as a Defendant in this action, on any of the dates referenced in the Complaint or First Amended Complaint, or on any date when Ewing Gray Rascoe was a patient at Rivendell Behavioral Health Hospital. (*See* Affidavit of Rachael Janssen attached hereto as Exhibit 2). Therefore, Plaintiff cannot possibly establish any cause of action against Defendant Atkinson, the only non-diverse defendant, and her joinder as a defendant was fraudulent in nature.

11.    Fraudulent joinder exists where "'it [is] clear there can be no recovery under the law of the state of the cause alleged or on the facts in view of the law.'" *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir. 1968)). Proof of fraudulent joinder requires the removing party

4

to "present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Roof v. Bel Brands USA, Inc.,* 2014 U.S. Dist. LEXIS 146818, at * 5 (W.D. Ky. October 15, 2014). Critically, the relevant inquiry is not whether the Plaintiff has stated a colorable claim against *any* of the Defendants, but whether the Plaintiff can establish a cause of action against the non-diverse Defendant. *Id.* The Affidavit of Rachael Janssen attached hereto as Exhibit 2 constitutes sufficient evidence that Plaintiff cannot establish any viable cause of action against Ms. Atkinson for the simple reason that Ms. Atkinson was not an employee of any of the Defendants at the time the negligence alleged in the First Amended Complaint occurred.

12.     Based on the Plaintiff's First Amended Complaint, the Plaintiff fraudulently joined Janay Atkinson to this case because no cause of action exists upon which the Plaintiff could prevail against Janay Atkinson, the only non-diverse Defendant in this case. *See, e.g., Alexander v. Electronic Data Systems,* 13 F.3d 940 (6th Cir. 1994); *Hardy v. Ajax Magnathermic Corp.,* 122F. Supp. 2d 757 (W.D. Ky. 200).

13.     In view of the fact that UHS of Bowling Green, LLC, Universal Health Services, Inc., UHS of Delaware, Inc. and Universal Health Realty Income Trust are not citizens of the Commonwealth of Kentucky for purposes of 28 U.S. C. § 132(c)(1) and because they are the only Defendants against which potentially cognizable claims under Kentucky law exist, this action is between citizens of different states over which this Court has original subject matter jurisdiction pursuant to 28 U.S. C. § 1332(a), and it is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(a)-(b).

## AMOUNT IN CONTROVERSY

14.     The amount in controversy is to be determined based on the Plaintiff's First Amended Complaint at the time the Notice of Removal is filed. *See Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir. 1996).

15.     Although the Plaintiff has not specifically alleged damages in excess of $75,000, it is reasonable to conclude, based on the remedies sought in the Complaint, that the Plaintiff's requested monetary damages are in excess of the jurisdictional amount. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000. *See Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds by, *Hertz Corp. v. Friend,* 559 U.S. 77 (2010)). *See also* 28 U.S.C. § 1446(c)(2)(B).

16.     The Plaintiff claims that Ewing Gray Rascoe suffered injuries resulting in the death of Ewing Gray Rascoe. In addition, the Plaintiff asserts claims for the wrongful death of Ewing Gray Rascoe. *See* First Amended Complaint, para. 57. The Plaintiff also seeks punitive damages. *See* First Amended Complaint, para. 58.

17.     Considering all of the Plaintiff's alleged damages, if she were to be successful at trial, the Plaintiff would likely recover well in excess of $75,000.

18.     While Defendants specifically deny the Plaintiff's claims and/or entitlement to any of the remedies demanded, based on the face of the First Amended Complaint, it is evident that the Plaintiff's claim for damages exceeds $75,000.

## REMOVAL

19.     Because there is complete diversity of citizenship between the properly joined parties and because the First Amended Complaint reflects an amount in controversy in excess of $75,000, the United States District Court for the Western District of Kentucky (Bowling Green) has original jurisdiction over this matter.

20.     Pursuant to 28 U.S.C. § 1441, et seq., the right exists to remove this case to the United States District Court for the Western District of Kentucky (Bowling Green), which embraces the place where the action is currently pending.

21.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of the receipt of the Summons and Complaint in this matter.

22.     As required by 28 U.S.C. § 1446(d), Defendants shall promptly file a copy of this Notice of Removal with the Warren County, Kentucky Circuit Court, and serve copies of this Notice of Removal on the Plaintiff's counsel.

WHEREFORE, Defendants respectfully give notice that the above-captioned action now pending in the Warren County, Kentucky Circuit Court, is removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

Respectfully submitted,

/s/ Sean Ragland
Sean Ragalnd
Nicholas Hart
PHILLIPS PARKER ORBERSON & ARNETT
716 W. Main Street, Suite 300
Louisville, KY 40202
502-583-9900
SRagland@ppoalaw.com
NHart@ppoalaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016 I electronically filed this document through the ECF system, and also mailed a true and accurate copy of the foregoing, via U.S. mail, postage pre-paid to:

Brent L. Moss
Brian D. Reddick
Robert W. Francis
Joshua K. Smith
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, AR 72202
*Counsel for Plaintiff*

/s/Sean Ragland
Sean Ragalnd
Nicholas Hart
PHILLIPS PARKER ORBERSON & ARNETT
716 W. Main Street, Suite 300
Louisville, KY 40202
502-583-9900
SRagland@ppoalaw.com
NHart@ppoalaw.com
*Counsel for Defendants*

8