*Filed Electronically*

## COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF WARREN COUNTY
## DIVISION 2

### Civil Action File No. 16-CI-01018

Elizabeth Jean Rascoe, as Executrix of                    PLAINTIFF
the Estate of Ewing Gray Rascoe

v.                    **FIRST AMENDED COMPLAINT**

UHS of Bowling Green, LLC d/b/a                    DEFENDANTS
Rivendell Behavioral Health Hospital
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Universal Health Services, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1206 Orange Street
Wilmington, DE 19801
<u>Via Kentucky Secretary of State</u>

UHS of Delaware, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
<u>Via Kentucky Secretary of State</u>

Universal Health Realty Income Trust
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
<u>Via Kentucky Secretary of State</u>

Janay Atkinson, in her capacity as Director of
Nursing for Rivendell Behavioral Health Services
2370 Richardsville Road
Bowling Green, KY 42013

1.    Elizabeth Jean Rascoe is the spouse of Ewing Gray Rascoe and the Executrix of his

Estate pursuant to the August 30, 2016 District Court of Daviess County Order Appointing



10/21/2016 03:11:32 PM
81717-6

Fiduciary, attached hereto as **Exhibit A**. Elizabeth Jean Rascoe brings this action on behalf of Ewing Gray Rascoe.

2.      Elizabeth Jean Rascoe is a resident of Owensboro, Daviess County, Kentucky.

3.      Upon information and belief, Ewing Gray Rascoe was most recently admitted as a resident of Rivendell Behavioral Health Hospital (sometimes referred to as "facility"), located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky approximately December 30, 2014, and remained a resident there until approximately January 14, 2015.

4.      Defendant UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital is a Delaware limited liability company authorized to do business in the Commonwealth of Kentucky, with its principal office located at 367 South Gulph Road, King of Prussia, Pennsylvania 19406. Upon information and belief, at times material to this action, Defendant UHS of Bowling Green, LLC owned, operated, managed, controlled, and/or provided services for Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. Upon information and belief, Defendant UHS of Bowling Green, LLC was, at times material to this action, the "licensee" of the facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, UHS of Bowling Green, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said UHS of Bowling Green, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of UHS of Bowling Green, LLC is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

2

Filed        16-CI-01018    10/17/2016        Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:32 PM
81717-6

5.      Defendant Universal Health Services, Inc. is a Delaware corporation that, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm individuals in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Services, Inc. owned, operated, managed, controlled and/or provided services for acute inpatient psychiatric hospitals, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Services, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Services, Inc. is The Corporation Trust Company, Corporation Trust Center, 1206 Orange Street, Wilmington, Delaware 19801.

6.      Defendant UHS of Delaware, Inc. is a Delaware corporation that, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm individuals in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Services, Inc. owned, operated, managed, controlled and/or provided services for acute inpatient psychiatric hospitals, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Services, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Services, Inc. is The Corporation Trust Company, Corporation Trust Center, 1206 Orange Street, Wilmington, Delaware 19801.

7.      Defendant Universal Health Realty Income Trust is a Real Estate Investment Trust ("REIT") formed under the laws of the State of Maryland and, upon information and belief, is

3

10/21/2016 03:11:32 PM
61717-6

engaged in the business of for-profit custodial care of elderly and infirm hospital residents in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Realty Income Trust owned, operated, managed, controlled and/or provided services for behavioral health facilities, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Realty Income Trust in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Realty Income Trust is The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201.

      8.     Upon information and belief, Defendant Janay Atkinson was a Director of Nursing for Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe. The causes of action made the basis of this suit arise out of Defendant Janay Atkinson's management of Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe. Defendant Janay Atkinson may be served with process at her last known address:  2370 Richardsville Road, Bowling Green, Kentucky 42101.

      9.     Defendants controlled the operation, planning, management, budget, and quality control of Rivendell Behavioral Health Hospital. The authority exercised by the Defendants over the acute inpatient psychiatric hospital included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by the facility, federal and state reimbursement through Medicare and Medicaid, quality care assessment and compliance, federal and state licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

<center>4</center>

10.     Whenever the term "Rivendell Defendants" is utilized in this Complaint, that term collectively refers to UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital; Universal Health Services, Inc.; UHS of Delaware, Inc.; Universal Health Realty Income Trust.

11.     Whenever the term "Director of Nursing Defendant" is utilized in this Complaint, that term refers to Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Hospital.

12.     Jurisdiction and venue are proper in this Court.

### FACTUAL ALLEGATIONS

13.     Other than hospitalizations, Ewing Gray Rascoe was most recently a resident of Rivendell Behavioral Health Hospital from approximately December 30, 2014, and remained a resident there until approximately January 14, 2015.

14.     Ewing Gray Rascoe was looking to Defendants for treatment of his total needs for psychiatric, custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat him.

15.     At all relevant times mentioned herein, Defendants owned, operated, managed and/or controlled Rivendell Behavioral Health Hospital, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants, or employees.

16.     Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

17.     Defendants failed to discharge their obligations of care to Ewing Gray Rascoe with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through

5

10/21/2016 03:11:32 PM
81717-6

their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Ewing Gray Rascoe, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Rivendell Behavioral Health Hospital.

18.     Due to the wrongful conduct of Defendants, Ewing Gray Rascoe suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process and the deterioration of his functional ability, as well as the following injuries:

    a)     Skin breakdown and bedsores;

    b)     Dehydration;

    c)     Malnutrition and weight loss;

    d)     Toxic-metabolic encephalopathy;

    e)     Severe pain; and

    f)     Death.

19.     Ewing Gray Rascoe in addition suffered unnecessary loss of personal dignity, extreme pain and suffering, hospitalizations, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Defendants as alleged below.

## CAUSES OF ACTION AGAINST THE RIVENDELL DEFENDANTS

## NEGLIGENCE

20.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 18 as if fully set forth herein.

21.     The Rivendell Defendants owed a non-delegable duty to Ewing Gray Rascoe to provide the custodial care, services and supervision that a reasonably careful behavioral health hospital would provide under similar circumstances.

Filed          16-CI-01018   10/17/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:32 PM
81717-6

22.     Upon information and belief, the Rivendell Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Ewing Gray Rascoe.

23.     The Rivendell Defendants negligently failed to deliver care, services, and supervision, including, but not limited to, the following acts and omissions:

    a.  Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1)  ensuring compliance with rules and regulations designed to protect the health and safety of the residents, such as Ewing Gray Rascoe, as promulgated by the Cabinet for Health and Family Services;

        2)  ensuring compliance with the resident care policies for the facility; and

        3)  ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b.  Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

    c.  Failure to provide the minimum number of qualified personnel to meet the total needs of Ewing Gray Rascoe;

    d.  Failure to maintain all records on Ewing Gray Rascoe in accordance with accepted professional standards and practices:

    e.  Failure to ensure that Ewing Gray Rascoe received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

    f.  Failure to increase the number of personnel at the facility to ensure that Ewing Gray Rascoe received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

    g.  Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

    h.  Failure to monitor or increase the number of nursing personnel at the facility to ensure that Ewing Gray Rascoe:

        1)  received timely and accurate care assessments;

7

10/21/2016 03:11:32 PM
81717-6

2) received prescribed treatment, medication and diet; and

3) received timely custodial, nursing and medical intervention due to a significant change in condition.

i.  Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

j.  Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Ewing Gray Rascoe's residency;

k.  Failure to provide a safe environment for care, treatment, and recovery, and to exercise ordinary care and attention for the safety of Ewing Gray Rascoe in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l.  Failure to provide adequate hygiene and sanitary care to prevent infection; and

m.  Failure to provide proper custodial care.

24. A reasonably careful acute psychiatric inpatient hospital would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Ewing Gray Rascoe. With regard to each of the foregoing acts of negligence, the Rivendell Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

25. The Rivendell Defendants further breached their duty of care to Ewing Gray Rascoe by violating certain laws and regulations in force in the Commonwealth of Kentucky at the time of the occurrences discussed herein including, but not limited to those detailed below. The violations of the Rivendell Defendants are further evidence of their negligence and include, but are not limited to, violation(s) of the following:

a.  Violation(s) of KRS 209.005 *et seq*. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Ewing Gray Rascoe;

b.  Violation(s) of KRS 530.080 *et seq*., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an

8

injury to the physical and/or mental welfare of Ewing Gray Rascoe, who was unable to care for himself because of his illness;

c.     Violation(s) of the statutory standards and requirements governing licensing and operation of behavioral health facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of Title XVII of the Kentucky Revised Statutes *et seq.* and the regulations promulgated thereunder.

26.     As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ewing Gray Rascoe suffered the injuries described in Paragraph 18. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Rivendell Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## MEDICAL NEGLIGENCE

27.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 26 as if fully set forth herein.

28.     The Rivendell Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

29.     The Rivendell Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of the Rivendell Defendants included, but was not limited to, the following acts and omissions:

a.     The overall failure to ensure that Ewing Gray Rascoe received the following:

1)     timely and accurate care assessments;

9

10/21/2016 03:11:32 PM
81717-6

    2)  prescribed treatment, medication, and diet;

    3)  necessary supervision; and

    4)  timely nursing and medical intervention due to a significant change in condition;

  b.  Failure to provide and implement an adequate nursing care plan based on the needs of Ewing Gray Rascoe;

  c.  Failure to provide proper treatment and assessment to Ewing Gray Rascoe in order to prevent and care for infections;

  d.  Failure to provide care, treatment and medication in accordance with physician's orders;

  e.  Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable infections during Ewing Gray Rascoe's residency;

  f.  Failure to adequately and appropriately monitor Ewing Gray Rascoe and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

  g.  The Rivendell Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Ewing Gray Rascoe;

  h.  Failure to ensure Ewing Gray Rascoe was not deprived of the services necessary to maintain his health and welfare; and

  i.  Failure to notify the physician of a significant change in his condition.

30.  It was foreseeable that the breaches of care listed above would result in serious injuries to Ewing Gray Rascoe. A reasonably competent acute psychiatric inpatient hospital acting under the same or similar circumstances would not have failed to provide the care listed above.

31.  With regard to each of the foregoing acts of professional or medical negligence, the Rivendell Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

32.  As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Ewing Gray Rascoe suffered the injuries described herein. Plaintiff asserts a claim for

10

judgment for all compensatory and punitive damages against the Rivendell Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, unnecessary loss of personal dignity, loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

33.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 32 as if fully set forth herein.

34.     Ewing Gray Rascoe was looking to the Rivendell Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat his for his problems. There is a presumption that the treatment Ewing Gray Rascoe received was being rendered through employees of the Rivendell Defendants and that any negligence associated with that treatment would render the Rivendell Defendants responsible. The Rivendell Defendants, or persons or entities under their control, or to the extent the Rivendell Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Ewing Gray Rascoe, to use the degree of skill and care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

35.     The Rivendell Defendants owed a non-delegable duty to assist Ewing Gray Rascoe in attaining and maintaining the highest level of physical, mental and psychological well-being.

36.     The Rivendell Defendants owed a duty to Ewing Gray Rascoe to maintain their facility in such a manner as to enable them to meet the needs of Ewing Gray Rascoe, including

Filed          16-CI-01018     10/17/2016                    Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:32 PM
81717-6

providing and maintaining medical equipment and supplies, and hiring, supervising and retaining nurses and other staff employees.

37.     The Rivendell Defendants owed a duty to Ewing Gray Rascoe to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws, or guidelines, which were adopted by the Rivendell Defendants to ensure smoothly-run facilities and adequate resident care.

38.     The Rivendell Defendants owed a duty to Ewing Gray Rascoe to provide a safe environment, treatment, and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Ewing Gray Rascoe from danger due to his inability to care for himself. Rivendell Defendants had a duty to protect Ewing Gray Rascoe from any danger which the surroundings would indicate might befall his in view of any peculiar trait exhibited by his or which his mental condition or aberration would suggest as likely to happen.

39.     The Rivendell Defendants breached their duty to Ewing Gray Rascoe by the manner in which they owned, operated, and exercised control over Rivendell Behavioral Health Hospital.

40.     With regard to the foregoing acts of negligence detailed herein, Rivendell Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

41.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Ewing Gray Rascoe suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Rivendell Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life in an amount to be determined

12

by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST DIRECTOR OF NURSING DEFENDANT

42.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 41 as if fully set forth herein.

43.     Upon information and belief, Janay Atkinson was the Director of Nursing of Rivendell Behavioral Health Hospital during Ewing Gray Rascoe's residency there.

44.     As a Director of Nursing and nurse licensed by the State of Kentucky, Janay Atkinson owed ordinary duties of care to Ewing Gray Rascoe, as well as professional duties and statutory duties owed to residents by licensed nurses in this state.

45.     Janay Atkinson's management responsibilities included ensuring that the facility operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

46.     Defendant Janay Atkinson breached the duties of ordinary care owed to Ewing Gray Rascoe as Director of Nursing and failed to operate, manage, or administer the behavioral health hospital in compliance with accepted professional standards and principles through acts and omissions including, but not limited to, the following:

a.      The failure to provide sufficient numbers of qualified personnel to meet the total needs of Ewing Gray Rascoe throughout his residency and to ensure that Ewing Gray Rascoe:

1)      Received timely and accurate care assessments;
2)      Received prescribed treatment, medication, and diet; and
3)      Was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

b.      The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

13

10/21/2016 03:11:32 PM
84717-6

c.     The failure to ensure that Ewing Gray Rascoe was provided with basic and necessary care and supervision;

d.     The failure to ensure that Ewing Gray Rascoe attained and maintained his highest level of physical, mental, and psychosocial well-being;

e.     The failure to ensure that Ewing Gray Rascoe received care, treatment, and medication as prescribed or in accordance with physician's orders;

f.     The failure to ensure that Ewing Gray Rascoe was treated with the dignity and respect that all hospital residents are entitled to receive;

g.     Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Ewing Gray Rascoe's residency;

h.     The failure to provide a safe environment for Ewing Gray Rascoe;

i.     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

j.     The failure to discipline or terminate employees at the facility assigned to Ewing Gray Rascoe that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

k.     The failure to adopt adequate guidelines, policies, and procedures for:

    1)     Investigating the relevant facts, underlying deficiencies, or licensure violations, or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

    2)     Determining the cause of any such deficiencies, violations, or penalties;

    3)     Establishing the method and means for correcting deficiencies, licensure violations, or penalties found to exist at the facility;

    4)     Determining whether the facility had sufficient numbers of personnel to meet the total needs of Ewing Gray Rascoe; and

    5)     Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

l.     The failure to provide personnel sufficient in number to provide proper treatment and assessment to Ewing Gray Rascoe and other residents;

m.     The failure to provide adequate supervision to the staff so as to ensure that Ewing Gray Rascoe received adequate and proper nutrition, fluids, therapeutic diet,

14

10/21/2016 03:11:32 PM
81717-6

sanitary care treatments, and skin care to prevent infection, and sufficient nursing, observation, and examination of the responses, symptoms, and progress in the physical condition of Ewing Gray Rascoe; and

n.    The failure to maintain all records on Ewing Gray Rascoe in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnoses, treatment, and appropriate care plans for care and treatment.

47.    A reasonably careful Director of Nursing would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Ewing Gray Rascoe. Each of the foregoing acts of negligence on the part of the other Defendants was accompanied by such wanton or reckless disregard for the health and safety of Ewing Gray Rascoe as to constitute gross negligence.

48.    Additionally, the other Defendants' failure to operate, manage, or administer the facility in compliance with federal, state, and local laws, regulations, and codes intended to protect residents, included, but was not limited to:

a.    The failure to provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Ewing Gray Rascoe, and in accordance with the comprehensive assessment and plan of care created at the facility;

b.    The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Ewing Gray Rascoe in accordance with the care plan generated at the facility;

c.    The failure to ensure that a care plan based on Ewing Gray Rascoe's problems and needs was established which contained measurable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment, which was supposed to be reviewed and revised when Ewing Gray Rascoe's needs changed;

d.    Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls, bed sores, and infections during Ewing Gray Rascoe's residency;

e.    The failure to provide a safe environment; and

15

10/21/2016 03:11:32 PM
81717-6

f.    The failure to ensure that Ewing Gray Rascoe maintained acceptable parameters of nutritional status and received a therapeutic diet throughout his residency.

49.    Ewing Gray Rascoe is a member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 18 resulted from events that the laws and regulations were designed to prevent.

50.    It was foreseeable that the foregoing breaches of duties would result in serious injuries to Ewing Gray Rascoe. Each of the foregoing acts of negligence on the part of the other Defendants was accompanied by such wanton or reckless disregard for the health and safety of Ewing Gray Rascoe as to constitute gross negligence.

51.    As a direct and proximate cause of such grossly negligent, wanton, or reckless conduct, Ewing Gray Rascoe suffered the injuries described herein, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Janay Atkinson, in her capacity as Director of Nursing at the facility, including but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### WRONGFUL DEATH

52.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 51 as if fully set forth herein.

53.    As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendants caused the death of Ewing Gray Rascoe by their wrongful conduct.

16

10/21/2016 03:11:32 PM
31717-6

54.     Ewing Gray Rascoe suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Ewing Gray Rascoe caused his family to suffer more than normal grief upon his death.

55.     As a direct and proximate result of the wrongful death suffered by Ewing Gray Rascoe, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus all other relief to which Plaintiff is entitled by law.

## DAMAGES

56.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 55 as if fully set forth herein.

57.     As a direct and proximate result of the negligence and wrongful conduct of all Defendants as set out above, Ewing Gray Rascoe suffered injuries including, but not limited to, those listed herein.

58.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, but in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Elizabeth Jean Rascoe, as Executrix of the Estate of Ewing Gray Rascoe, prays for judgment against UHS of Bowling Green, LLC d/b/a Rivendell Behavioral

17

10/21/2016 03:11:32 PM
81717-6

Health Hospital; Universal Health Services, Inc.; UHS of Delaware, Inc.; Universal Health Realty

Income Trust; and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral

Health Hospital, in an amount to be determined from the evidence, the costs herein expended, and

all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted,

Elizabeth Jean Rascoe, as Executrix of the Estate of
Ewing Gray Rascoe

By:*/s/ Robert W. Francis*
Brent L. Moss (KY 93418)
Brian D. Reddick (KY 90762)
Robert W. Francis (KY 96426)
Joshua K. Smith (KY 96541)
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, AR 72202
Telephone:    (501) 907-7790
Facsimile:    (501) 907-7793

*Attorneys for Plaintiff*

18



| AOC-840 Doc. Code: OFID | | Case No. | 15-P-470 |
| Rev. 12-03 | | Court | District |
| Page 1 of 1 | **ORDER APPOINTING FIDUCIARY** | County | Daviess |
| Commonwealth of Kentucky Court of Justice www.courts.ky.gov KRS 395.105; 395.110 | | | |

**IN RE: Estate of** Ewing Gray Rascoe

Upon hearing the Petition of Elizabeth Jean Rascoe

the Court appoints Elizabeth Jean Rascoe

to act as Executrix of said estate and fixes bond in the sum of $ ~0~

[ ] with approved Surety OR [X] with Surety having been waived. Bond ; Surety waived per will

Date: 8/30/16 , 2_____

_____
Judge's Signature

**ENTERED**

AUG 30 2016

SUSAN W. TIERNEY, CLERK
BY:_____ D.C.

---

**To be completed on copies only:**

**CERTIFICATE OF QUALIFICATION**

I, Susan Tierney , Clerk of the Daviess District
Court, certify this is a true and correct copy of the Order Appointing Fiduciary as recorded in my office. This Order and Qualification is in full force and effect.

Date: August 30 , 2016

_____ , Clerk
S. Tierney

By: _____ , D.C.
T. Ward

---

**EXHIBIT A**

*Filed Electronically*

## COMMONWEALTH OF KENTUCKY
### IN THE CIRCUIT COURT OF WARREN COUNTY
### DIVISION _____

### Civil Action File No. 16-CI-_____

Elizabeth Jean Rascoe, as Executrix of                          PLAINTIFF
the Estate of Ewing Gray Rascoe

v.                                    **COMPLAINT**

UHS of Bowling Green, LLC d/b/a                                DEFENDANTS
Rivendell Behavioral Health Hospital
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Universal Health Services, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1206 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

UHS of Delaware, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

Universal Health Realty Income Trust
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
Via Kentucky Secretary of State

Janay Atkinson, in her capacity as Director of
Nursing for Rivendell Behavioral Health Services
2370 Richardsville Road
Bowling Green, KY 42013

1.       Elizabeth Jean Rascoe is the spouse of Ewing Gray Rascoe and the Executrix of his

Estate pursuant to the August 30, 2016 District Court of Daviess County Order Appointing

10/21/2016 03:11:00 PM
81717-6

Fiduciary, attached hereto as **Exhibit A**. Elizabeth Jean Rascoe brings this action on behalf of Ewing Gray Rascoe.

2.     Elizabeth Jean Rascoe is a resident of Owensboro, Daviess County, Kentucky.

3.     Upon information and belief, Ewing Gray Rascoe was most recently admitted as a resident of Rivendell Behavioral Health Hospital (sometimes referred to as "facility"), located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky approximately December 30, 2014, and remained a resident there until approximately January 14, 2015.

4.     Defendant UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital is a Delaware limited liability company authorized to do business in the Commonwealth of Kentucky, with its principal office located at 367 South Gulph Road, King of Prussia, Pennsylvania 19406. Upon information and belief, at times material to this action, Defendant UHS of Bowling Green, LLC owned, operated, managed, controlled, and/or provided services for Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. Upon information and belief, Defendant UHS of Bowling Green, LLC was, at times material to this action, the "licensee" of the facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, UHS of Bowling Green, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said UHS of Bowling Green, LLC in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of UHS of Bowling Green, LLC is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

Filed     16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:00 PM
81717-6

5.     Defendant Universal Health Services, Inc. is a Delaware corporation that, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm individuals in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Services, Inc. owned, operated, managed, controlled and/or provided services for acute inpatient psychiatric hospitals, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Services, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Services, Inc. is The Corporation Trust Company, Corporation Trust Center, 1206 Orange Street, Wilmington, Delaware 19801.

6.     Defendant UHS of Delaware, Inc. is a Delaware corporation that, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm individuals in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Services, Inc. owned, operated, managed, controlled and/or provided services for acute inpatient psychiatric hospitals, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Services, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Services, Inc. is The Corporation Trust Company, Corporation Trust Center, 1206 Orange Street, Wilmington, Delaware 19801.

7.     Defendant Universal Health Realty Income Trust is a Real Estate Investment Trust ("REIT") formed under the laws of the State of Maryland and, upon information and belief, is

3

engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in acute inpatient psychiatric hospitals. Upon information and belief, at times material to this action, Defendant Universal Health Realty Income Trust owned, operated, managed, controlled and/or provided services for nursing facilities, including Rivendell Behavioral Health Hospital in Bowling Green, Warren County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Universal Health Realty Income Trust in the ownership, operation, management, control and/or services provided for the facility during the residency of Ewing Gray Rascoe. The registered agent for service of process of Universal Health Realty Income Trust is The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201.

8.      Upon information and belief, Defendant Janay Atkinson was a Director of Nursing for Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe. The causes of action made the basis of this suit arise out of Defendant Janay Atkinson's management of Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe. Defendant Janay Atkinson may be served with process at her last known address: 2370 Richardsville Road, Bowling Green, Kentucky 42101.

9.      Defendants controlled the operation, planning, management, budget, and quality control of Rivendell Behavioral Health Hospital. The authority exercised by the Defendants over the acute inpatient psychiatric hospital included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by the facility, federal and state reimbursement through Medicare and Medicaid, quality care assessment and compliance, federal and state licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

4

10/21/2016 03:11:00 PM
81717-6

10.     Whenever the term "Defendants" is utilized in this Complaint, that term collectively refers to UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital; Universal Health Services, Inc.; UHS of Delaware, Inc.; Universal Health Realty Income Trust; and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Hospital.

11.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

12.     Other than hospitalizations, Ewing Gray Rascoe was most recently a resident of Rivendell Behavioral Health Hospital from approximately November 24, 2014, and remained a resident there until approximately January 14, 2015.

13.     Ewing Gray Rascoe was looking to Defendants for treatment of his total needs for psychiatric, custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat him.

14.     At all relevant times mentioned herein, Defendants owned, operated, managed and/or controlled Rivendell Behavioral Health Hospital, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants, or employees.

15.     Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

16.     Defendants failed to discharge their obligations of care to Ewing Gray Rascoe with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized

5

10/21/2016 03:11:00 PM
81717-6

all of the acts and omissions that caused the injuries suffered by Ewing Gray Rascoe, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Rivendell Behavioral Health Hospital.

17.     Due to the wrongful conduct of Defendants, Ewing Gray Rascoe suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process and the deterioration of his functional ability, as well as the following injuries:

   a)     Skin breakdown and bedsores;

   b)     Dehydration;

   c)     Malnutrition and weight loss;

   d)     Toxic-metabolic encephalopathy;

   e)     Severe pain; and

   f)     Death.

18.     Ewing Gray Rascoe in addition suffered unnecessary loss of personal dignity, extreme pain and suffering, hospitalizations, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Defendants as alleged below.

<div align="center">

**CAUSES OF ACTION AGAINST THE DEFENDANTS**

**NEGLIGENCE**

</div>

19.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 18 as if fully set forth herein.

20.     The Defendants owed a non-delegable duty to Ewing Gray Rascoe to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:00 PM
81717-6

21.     Upon information and belief, the Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Ewing Gray Rascoe.

22.     The Defendants negligently failed to deliver care, services, and supervision, including, but not limited to, the following acts and omissions:

    a.  Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        1)  ensuring compliance with rules and regulations designed to protect the health and safety of the residents, such as Ewing Gray Rascoe, as promulgated by the Cabinet for Health and Family Services;

        2)  ensuring compliance with the resident care policies for the facility; and

        3)  ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b.  Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

    c.  Failure to provide the minimum number of qualified personnel to meet the total needs of Ewing Gray Rascoe;

    d.  Failure to maintain all records on Ewing Gray Rascoe in accordance with accepted professional standards and practices:

    e.  Failure to ensure that Ewing Gray Rascoe received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

    f.  Failure to increase the number of personnel at the facility to ensure that Ewing Gray Rascoe received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to his skin, feet, nails, and oral hygiene;

    g.  Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

    h.  Failure to monitor or increase the number of nursing personnel at the facility to ensure that Ewing Gray Rascoe:

        1)  received timely and accurate care assessments;

7

10/21/2016 03:11:00 PM
81717-6

2) received prescribed treatment, medication and diet; and

3) received timely custodial, nursing and medical intervention due to a significant change in condition.

i. Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

j. Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Ewing Gray Rascoe's residency;

k. Failure to provide a safe environment for care, treatment, and recovery, and to exercise ordinary care and attention for the safety of Ewing Gray Rascoe in proportion to his particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l. Failure to provide adequate hygiene and sanitary care to prevent infection; and

m. Failure to provide proper custodial care.

23. A reasonably careful acute psychiatric inpatient hospital would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Ewing Gray Rascoe. With regard to each of the foregoing acts of negligence, the Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

24. The Defendants further breached their duty of care to Ewing Gray Rascoe by violating certain laws and regulations in force in the Commonwealth of Kentucky at the time of the occurrences discussed herein including, but not limited to those detailed below. The violations of the Defendants are further evidence of their negligence and include, but are not limited to, violation(s) of the following:

a. Violation(s) of KRS 209.005 *et seq*. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Ewing Gray Rascoe;

b. Violation(s) of KRS 508.090 *et seq.,* criminal abuse, by committing intentional, wanton, or reckless abuse of Ewing Gray Rascoe, who was physically helpless or mentally helpless or permitting Ewing Gray Rascoe,

8

10/21/2016 03:11:00 PM
81717-6

a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Ewing Gray Rascoe in a situation that might cause his serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Ewing Gray Rascoe;

c.     Violation(s) of KRS 530.080 *et seq*., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Ewing Gray Rascoe, who was unable to care for herself because of his illness;

d.     Violation(s) of KRS 506.080 *et seq*., criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

f.     Violation(s) of the statutory standards and requirements governing licensing and operation of behavioral health facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of Title XVII of the Kentucky Revised Statutes *et seq*. and the regulations promulgated thereunder.

25.     As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Ewing Gray Rascoe suffered the injuries described in Paragraph 16. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## MEDICAL NEGLIGENCE

26.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 25 as if fully set forth herein.

10/21/2016 03:11:00 PM
81717-6

27.     The Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

28.     The Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of the Defendants included, but was not limited to, the following acts and omissions:

    a.    The overall failure to ensure that Ewing Gray Rascoe received the following:

        1)    timely and accurate care assessments;

        2)    prescribed treatment, medication, and diet;

        3)    necessary supervision; and

        4)    timely nursing and medical intervention due to a significant change in condition;

    b.    Failure to provide and implement an adequate nursing care plan based on the needs of Ewing Gray Rascoe;

    c.    Failure to provide proper treatment and assessment to Ewing Gray Rascoe in order to prevent and care for infections;

    d.    Failure to provide care, treatment and medication in accordance with physician's orders;

    e.    Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable infections during Ewing Gray Rascoe's residency;

    f.    Failure to adequately and appropriately monitor Ewing Gray Rascoe and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

    g.    The Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Ewing Gray Rascoe;

    h.    Failure to ensure Ewing Gray Rascoe was not deprived of the services necessary to maintain his health and welfare; and

    i.    Failure to notify the physician of a significant change in his condition.

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:00 PM
81717-6

29.     It was foreseeable that the breaches of care listed above would result in serious injuries to Ewing Gray Rascoe. A reasonably competent acute psychiatric inpatient hospital acting under the same or similar circumstances would not have failed to provide the care listed above.

30.     With regard to each of the foregoing acts of professional or medical negligence, the Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

31.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Ewing Gray Rascoe suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

32.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 31 as if fully set forth herein.

33.     Ewing Gray Rascoe was looking to the Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat his for his problems. There is a presumption that the treatment Ewing Gray Rascoe received was being rendered through employees of the Defendants and that any negligence associated with that treatment would render the Defendants responsible. The Defendants, or persons or entities under their control, or to the extent the Defendants were vicariously liable through the ostensible

11

10/21/2016 03:11:00 PM
81717-6

or apparent agency of others, owed a non-delegable duty to residents, including Ewing Gray Rascoe, to use the degree of skill and care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

34.     The Defendants owed a non-delegable duty to assist Ewing Gray Rascoe in attaining and maintaining the highest level of physical, mental and psychological well-being.

35.     The Defendants owed a duty to Ewing Gray Rascoe to maintain their facility in such a manner as to enable them to meet the needs of Ewing Gray Rascoe, including providing and maintaining medical equipment and supplies, and hiring, supervising and retaining nurses and other staff employees.

36.     The Defendants owed a duty to Ewing Gray Rascoe to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws, or guidelines, which were adopted by the Defendants to ensure smoothly-run facilities and adequate resident care.

37.     The Defendants owed a duty to Ewing Gray Rascoe to provide a safe environment, treatment, and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Ewing Gray Rascoe from danger due to his inability to care for herself. Defendants had a duty to protect Ewing Gray Rascoe from any danger which the surroundings would indicate might befall his in view of any peculiar trait exhibited by his or which his mental condition or aberration would suggest as likely to happen.

38.     The Defendants breached their duty to Ewing Gray Rascoe by the manner in which they owned, operated, and exercised control over Rivendell Behavioral Health Hospital.

12

Filed          16-CI-01018   09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:11:00 PM
81717-6

39.     With regard to the foregoing acts of negligence detailed herein, Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Ewing Gray Rascoe.

40.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Ewing Gray Rascoe suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

### WRONGFUL DEATH

41.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 40 as if fully set forth herein.

42.     As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendants caused the death of Ewing Gray Rascoe by their wrongful conduct.

43.     Ewing Gray Rascoe suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Ewing Gray Rascoe caused his family to suffer more than normal grief upon his death.

44.     As a direct and proximate result of the wrongful death suffered by Ewing Gray Rascoe, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability

13

10/21/2016 03:11:00 PM
81717-6

and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus all other relief to which Plaintiff is entitled by law.

## DAMAGES

45.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 44 as if fully set forth herein.

46.     As a direct and proximate result of the negligence and wrongful conduct of all Defendants as set out above, Ewing Gray Rascoe suffered injuries including, but not limited to, those listed herein.

47.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, but in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff,  Elizabeth Jean Rascoe, as Executrix of the Estate of Ewing Gray Rascoe, prays for judgment against UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital; Universal Health Services, Inc.; UHS of Delaware, Inc.; Universal Health Realty Income Trust; and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Hospital, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

14

10/21/2016 03:11:00 PM
81717-6

Respectfully submitted,

Elizabeth Jean Rascoe, as Executrix of the Estate of
Ewing Gray Rascoe

By:/s/ Robert W. Francis
    Brent L. Moss (KY 93418)
    Brian D. Reddick (KY 90762)
    Robert W. Francis (KY 96426)
    Joshua K. Smith (KY 96541)
    **Reddick Moss, PLLC**
    One Information Way, Suite 105
    Little Rock, AR 72202
    Telephone:  (501) 907-7790
    Facsimile:  (501) 907-7793

    *Attorneys for Plaintiff*

15

10/21/2015 03:10:49 PM
81717-6

| AOC-840     Doc. Code: OFID<br>Rev. 12-03<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice  *www.courts.ky.gov*<br>KRS 395.105; 395.110 | <br>**ORDER APPOINTING**<br>**FIDUCIARY** | Case No.   15-P-470<br><br>Court          District<br><br>County   Daviess |

IN RE: Estate of   Ewing Gray Rascoe

Upon hearing the Petition of Elizabeth Jean Rascoe

the Court appoints Elizabeth Jean Rascoe

to act as Executrix of said estate and fixes bond in the sum of $ ─ Ꝺ ─

[ ] with approved Surety   OR   [✗] with Surety having been waived. Bond & Surety waived per will

Date: 8/30/16, 2           _____<br>                                           Judge's Signature

ENTERED

AUG 30 2016

SUSAN W. TIERNEY, CLERK
BY: _____ D.C.

To be completed on copies only:

**CERTIFICATE OF QUALIFICATION**

I, Susan Tierney , Clerk of the Daviess District

Court, certify this is a true and correct copy of the Order Appointing Fiduciary as recorded in my office. This Order

and Qualification is in full force and effect.

Date: August 30, 2016          S. Tierney , Clerk

                               By: T. Ward , D.C.

**EXHIBIT A**

10/21/2016 03:10:23 PM
81717-6

*Filed Electronically*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF WARREN COUNTY**
**DIVISION _____**

**Civil Action File No. 16-CI-_____**

Elizabeth Jean Rascoe, as Executrix of                         **PLAINTIFF**
the Estate of Ewing Gray Rascoe

v.               **PLAINTIFF'S FIRST SET OF INTERROGATORIES**
                       **TO UNIVERSAL HEALTH DEFENDANTS**

UHS of Bowling Green, LLC d/b/a                          **DEFENDANTS**
Rivendell Behavioral Health Hospital
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Universal Health Services, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1206 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

UHS of Delaware, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

Universal Health Realty Income Trust
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
Via Kentucky Secretary of State

Janay Atkinson, in her capacity as Director of
Nursing for Rivendell Behavioral Health Services
2370 Richardsville Road
Bowling Green, KY 42013

Comes the Plaintiff, by counsel, and propounds the following First Set of Interrogatories

to Defendants UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital,

10/21/2016 03:10:23 PM
81717-6

University Health Services, Inc., UHS of Delaware, Inc., and Universal Health Realty Income Trust, to be answered under oath in accordance with the Kentucky Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS:

1.    *"You or Your."*  The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.    *"Person."*  The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.    *"Residency."*  For purposes of these Interrogatories, "residency" is defined as the period during which time Ewing Gray Rascoe was admitted as a resident of Rivendell Behavioral Health Hospital, located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky from approximately December 30, 2014 and remained a resident there until approximately January 14, 2015.

4.    *"Facility."*  For purposes of these Interrogatories, "facility" is defined as Rivendell Behavioral Health Hospital located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all individuals who were employed at Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe; state whether each individual provided any care or services to Ewing Gray Rascoe, and state whether each individual is currently an employee of the facility or any Defendant.

2

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify each Administrator, Director of Nursing and Assistant Director of Nursing employed at the facility during the residency of Ewing Gray Rascoe and state the dates of service for each.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please identify each outside consultant utilized by Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe, including but not limited to dietary consultant, medical records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify each medical director for Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe, and state the dates of service for each medical director.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please identify each employment agency utilized by Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe for any employment need, including but not limited to nursing, dietary, housekeeping, administrative or janitorial.  Further, please state the date(s) each agency was utilized.

**ANSWER:**

**INTERROGATORY NO 6:**  Do Defendants have in their custody or control any records or reports prepared and/or obtained by the facility, or prepared or obtained by third parties at the facility's direction or request, that refer in any way to any event, incident, or accident involving Ewing Gray Rascoe, including, but not limited to, medication errors, falls, injuries, treatment

3

errors, assaults or invasions by staff or residents, and/or thefts of resident property? If so, please

state the title of each report, the name and job title of the individual who directed that the report or

record be created, the name and job title of each individual who has reviewed or had custody or

control of such report or record, or copy thereof, since it was created, the name and job title of

each individual who currently has custody or control of each report or record, and the current

location of each report or record.

　　　**ANSWER:**

　　　**INTERROGATORY NO. 7:**　　Please identify each person believed or known by

Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the

subject matter about which the witness has knowledge.

　　　**ANSWER:**

　　　**INTERROGATORY NO. 8:** Please list the date and substance of any investigation which

Defendants know or believe was conducted by any governmental agency concerning Ewing Gray

Rascoe, including, but not limited to, any state or federal agency, the Agency for Health Care

Administration, Long Term Care Ombudsman, Department of Health and Rehabilitative Services,

Department of Elder Affairs, or law enforcement offices, together with the name and address of

the agency that conducted the investigation.

　　　**ANSWER:**

　　　**INTERROGATORY NO. 9:** Please identify each company utilized to manage or operate

the facility at any time during the residency. For each company, please identify the time periods

during which the company was utilized. If the company is a corporation, please identify the exact

corporation name and registered agent. If the company is a general partnership, please identify the

exact name of the partnership as well as the names and addresses of all of the partners. If the

4

company is a limited partnership, please identify the exact name of the limited partnership as well

as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 10:** Please state whether Defendants had a system to record

consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) for Rivendell

Behavioral Health Hospital during the residency of Ewing Gray Rascoe. If so, please identify, with

sufficient particularity to form the basis of a request to produce, the names and types of records of

consumer, resident or employee suggestions; the person or persons primarily responsible for

consumer, resident or employee suggestions; and the name and business address of the records

custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**

**INTERROGATORY NO. 11:** Specifically state each and every date nursing personnel of

the facility or any person engaged by you to render services at the facility notified any physician

or family member of Ewing Gray Rascoe about any change in the condition of Ewing Gray Rascoe

or any problem with respect to his care.

**ANSWER:**

**INTERROGATORY NO. 12:** Please list and describe in detail each and every document,

item or thing which supports any defense upon which you intend to rely at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify each person whom you, or your attorney, expect

to call as an expert witness at the trial of this action, and with respect to each person, state:

a) His or her identity (Full name, home address, business address, educational background, etc.);

b) The subject matter on which each expert is expected to testify;

5

c)     The substance of the facts and opinions to which the expert is expected to testify; and,

d)     A summary of the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 14:** Please identify each dietary aide or dietician for the facility during the residency, and state the dates of service for each and every dietary aide or dietician.

**ANSWER:**

**INTERROGATORY NO. 15:**   Identify the name, business address, specialty, and relationship, if any, to Defendants of each physician who had responsibility for treating Ewing Gray Rascoe at Rivendell Behavioral Health Hospital.

**ANSWER:**

**INTERROGATORY NO. 16:** Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by the facility, which pertain in any way to Ewing Gray Rascoe, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**

**INTERROGATORY NO. 17:** Do you claim that the Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit? If your answer is "Yes," please describe in detail each act or omission on the part of the Plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the Plaintiff's injuries.

**ANSWER:**

6

10/21/2016 03:10:23 PM
61717-6

**INTERROGATORY NO. 18:** Please state the name and address of each consulting expert whose report or work product was reviewed by a testifying expert in this case.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify all statements made by or concerning Ewing Gray Rascoe and/or evaluations of Ewing Gray Rascoe pertaining to his residency at Rivendell Behavioral Health Hospital.

**ANSWER:**

**INTERROGATORY NO. 20:** Who or what entity was the licensee of Rivendell Behavioral Health Hospital during the residency of Ewing Gray Rascoe? Please list the date each person or entity was a licensee. If the licensee was a corporation, please list the exact corporation name and registered agent. If the licensee was a general partnership, please list the exact name of the partnership as well as the names and addresses of all of the partners. If the licensee was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 21:** State who or what entity was the owner of the Rivendell Behavioral Health Hospital from the date of Ewing Gray Rascoe admission until service of the complaint. Please list the date each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If the owner was a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner.

**ANSWER:**

7

10/21/2016 03:10:23 PM
81717-6

**INTERROGATORY NO. 22:**  If the owner of the facility was owned by another entity during the residency, please list the date each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all partners. If the owner was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

    **ANSWER:**

    **INTERROGATORY NO. 23:**  Please identify all members of the Quality Assurance Committee for the facility during the dates of residency until now.

    **ANSWER:**

                         Respectfully submitted,

                         Elizabeth Jean Rascoe, as Executrix of the Estate of
Ewing Gray Rascoe

              By:*/s/ Robert W. Francis*
                Brent L. Moss (KY 93418)
                Brian D. Reddick (KY 90762)
                Robert W. Francis (KY 96426)
                Joshua K. Smith (KY 96541)
                **Reddick Moss, PLLC**
                One Information Way, Suite 105
                Little Rock, AR 72202
                Telephone:   (501) 907-7790
                Facsimile:   (501) 907-7793

                *Attorneys for Plaintiff*

Filed 16-CI-01018 09/22/2016 Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:09:24 PM
81717-6

*Filed Electronically*

## COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF WARREN COUNTY
## DIVISION _____

### Civil Action File No. 16-CI-_____

Elizabeth Jean Rascoe, as Executrix of                    **PLAINTIFF**
the Estate of Ewing Gray Rascoe

v.          **PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**
            **TO UNIVERSAL HEALTH DEFENDANTS**

UHS of Bowling Green, LLC d/b/a                    **DEFENDANTS**
Rivendell Behavioral Health Hospital
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Universal Health Services, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1206 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

UHS of Delaware, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

Universal Health Realty Income Trust
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
Via Kentucky Secretary of State

Janay Atkinson, in her capacity as Director of
Nursing for Rivendell Behavioral Health Services
2370 Richardsville Road
Bowling Green, KY 42013

Comes the Plaintiff, by counsel, and propounds the following First Set of Requests for

Production of Documents to Defendants UHS of Bowling Green, LLC d/b/a Rivendell Behavioral

10/21/2016 03:09:24 PM
81717-6

Health Hospital, University Health Services, Inc., UHS of Delaware, Inc., and Universal Health Realty Income Trust, to be answered under oath in accordance with the Kentucky Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS:

1. *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4. *"Residency."* For purposes of these Requests for Production, "residency" is defined as the period during which time Ewing Gray Rascoe was admitted as a resident of Rivendell Behavioral Health Hospital, located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky from approximately December 30, 2014 and remained a resident there until approximately January 14, 2015.

5. *"Facility."* For purposes of these Requests for Production, "facility" is defined as Rivendell Behavioral Health Hospital, located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky.

2

Filed                                                                                                     10/21/2016 03:09:24 PM
                                                                                                          81717-6

6.      To preserve the privacy of residents other than Ewing Gray Rascoe, Defendants

should delete, obliterate, or otherwise redact the names of residents other than Ewing Gray Rascoe

from documents produced in response to these Requests for Production of Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST TO PRODUCE NO. 1:**  Please produce a Bates-stamped copy of the original

chart for Ewing Gray Rascoe at the facility, including but not limited to the following:

| | |
|---|---|
| (a) | Admission and Discharge documents; |
| (b) | Resident Assessments Protocols (RAPs); |
| (c) | Minimum Data Sets (MDS); |
| (d) | Care Plans; |
| (e) | Physician's Notes; |
| (f) | Physician's Orders; |
| (g) | Nursing Notes; |
| (h) | Medication Administration Records (MARs); |
| (i) | Treatment Records; |
| (j) | CNA Flowsheets; |
| (k) | Activities for Daily Living (ADLs); |
| (l) | Social Service Notes; |
| (m) | Advance Directives, including Acknowledgement of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), Consent Forms; |
| (n) | Diagnosis, including EKG's, x-rays, laboratory studies or other test performed during the residency; |
| (o) | Nutritional Notes; |
| (p) | Rehabilitation Notes; and |

Filed                      16-CI-01018      09/22/2016              Brandi Duvall, Warren Circuit Clerk

(q)      Miscellaneous Assessments, including behavior monitors, pressure sore risk assessments and bowel and bladder assessments.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 2:**  Please produce all skin audits performed on Ewing Gray Rascoe at the facility, including any reference to:

(a) The area of the body that was affected;

(b) The determination of the skin audit and/or examination;

(c) The regimen followed to correct the problem; and,

(d) The final outcome of the affected area or body part.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 3:**  Please produce all reports, correspondence, memorandums and/or any other form of communication not included as a part of the "normal" facility chart used to memorialize the care and treatment rendered to Ewing Gray Rascoe at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 4:**  Please produce all documentation by the facility's caregivers used to communicate regarding the care or treatment of residents that reference or concern Ewing Gray Rascoe.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 5:**  Please produce all writings, e-mails, memoranda, notes, or documents of any kind that were provided to Ewing Gray Rascoe's physician(s) or that memorialize any notification regarding Ewing Gray Rascoe to his physician(s).

**RESPONSE:**

4

Filed        16-CI-01018      09/22/2016      Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:09:24 PM
81717-6

**REQUEST TO PRODUCE NO. 6:**  Please produce all food intake sheet/records or documents of any kind that evidence or memorialize Ewing Gray Rascoe's food consumption.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 7:**  Please produce all incident and/or accident reports that were produced at the facility, including but not limited to:

    (a)    Reports that reference Ewing Gray Rascoe; and,

    (b)    All other reports generated during the residency of Ewing Gray Rascoe, and the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 8:**  Please produce all documentation reflecting any investigations conducted by state or federal agencies concerning Ewing Gray Rascoe.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 9:**  Please produce color copies of all photographs taken by Defendants of Ewing Gray Rascoe during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 10:**  Please produce all complaints or incident investigations that relate to Ewing Gray Rascoe undertaken by you or at your request **prior to receiving formal notice of this lawsuit**.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 11:**  Please produce complete and itemized bills for any and all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the facility charged Ewing Gray Rascoe or any third party payer on behalf of Ewing Gray Rascoe while she was a resident at your facility, including, but not limited to:

Filed        16-CI-01018      09/22/2016      Brandi Duvall, Warren Circuit Clerk

Filed 16-CI-01018 09/22/2016 Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:09:24 PM
81717-6

(a)   All bills or statements submitted to Medicaid or Medicare, or any fiscal intermediary for Medicaid or Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Ewing Gray Rascoe;

(b)   All bills or statements submitted to Ewing Gray Rascoe, his power of attorney, guardian, or family for room and board, services, supplies, equipment, or other items provided to Ewing Gray Rascoe, including co-payments or deductibles, by the facility;

(c)   All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility; and

(d)   All statements, lists, or reconciliations of trust accounts reflecting funds received from Ewing Gray Rascoe's power of attorney, guardian, or family or held in trust for the benefit of Ewing Gray Rascoe.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 12:**  Please produce all budget and cost reports prepared for the purpose of operating the facility during the residency and for the six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 13:**  Please produce a complete copy of all insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered employees, agents, officers and/or consultants of the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 14:**  Please produce the floor plan of the facility that reflects the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 15:**  Please produce a copy of the organizational charts and/or corporate structures of Defendants effective during the residency.

Filed 16-CI-01018 09/22/2016 Brandi Duvall, Warren Circuit Clerk

Filed   16-CI-01018   09/22/2016   Brandi Duvall, Warren Circuit Clerk   ORIGINAL DOCUMENT
10/21/2016 03:09:24 PM
81717-6

**RESPONSE:**

**REQUEST TO PRODUCE NO. 16:**  Please produce all Policy and Procedures Manuals

in effect for the facility during the residency, including but not limited to:

    (a)  Management;

    (b)  Nursing;

    (c)  Wound care;

    (d)  Falls;

    (e)  Weight loss;

    (f)  CNA policies and training;

    (g)  Urinary tract infections;

    (h)  Social Services;

    (i)  Activities;

    (j)  Administrative;

    (k)  Personnel;

    (l)  Food Services; and,

    (m) Restorative and/or Maintaining Function.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 17:**  Please produce all documentation from in-service

training sessions held at the facility during the residency, and for the period six months prior to the

residency, including:

    (a)  Dates of the sessions;

    (b)  Names of those in attendance;

    (c)  The person(s) conducting the sessions; and,

    (d)  The subject(s) addressed during the sessions.

7

**RESPONSE:**

**REQUEST TO PRODUCE NO. 18:**   Please produce all guidelines, criteria and/or procedure manuals for the Medical Director, Administrator, Director of Nursing and Assistant Director of Nursing of the facility in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 19:**   Please produce all written job descriptions for the Medical Director, Administrator, Director of Nursing, Assistant Director of Nursing, RNs, LPNs, and CNAs of the facility in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 20:**   Please produce all written guidelines, forms and/or procedures for evaluating the job performances of the Administrator, Director of Nursing and Assistant Director of Nursing and all other nursing personnel, including registered nurses, licensed vocational nurses, nurse assistants, medication aides, and orderlies at the facility in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 21:**   Please produce all contracts between the facility's Administrator(s) and Defendants effective during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 22:**   Please produce all contracts between the facility's Medical Director(s) and Defendants effective during the residency, as well as:

(a)     Proof of certification;

(b)     A copy of his/her license; and,

(c)     Documents reflecting disciplinary action or suspension by the facility or by the Commonwealth of Kentucky.

8

**RESPONSE:**

**REQUEST TO PRODUCE NO. 23:**  Please produce all contracts related to management services provided to the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 24:**  Please produce all contracts with outside consultants or medical doctors who provided care or services to the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 25:**  Please produce all provider agreements between Defendants and the Commonwealth of Kentucky, and Defendants and the federal government in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 26:**  Please produce all reports, documents, correspondence, e-mail or other writings generated by or on behalf of any management company or consultant to the facility concerning the care and treatment of resident during the residency and for the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 27:**  Please produce all documentation (i.e., correspondence, e-mail, document or form) from any licensing body, including federal and state agencies, that lists deficiencies in the maintenance or operation of the facility during the residency, and for the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 28:**  Please produce all internal staffing calculation documents for the facility applicable to the residency.

**RESPONSE:**

9

10/21/2016 03:09:24 PM
81717-6

**REQUEST TO PRODUCE NO. 29:** Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 30:** Please produce color copies of all weekly work schedules, employee sign-in sheets, payroll records and timecards and/or timesheets showing the identity, number (quantity), or classification (e.g. LPN, R.N., Nurse Aide, etc.) of all nursing personnel, (including nurses, nurses' aides, medication aides and orderlies) who worked on each unit or wing in the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 31:** Please produce all CNA work/wing assignments for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 32:** Please produce all shift change reports for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 33:** Please produce applications for employment for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 34:** Please produce documentation of criminal background checks for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 35:** Please produce licensing/certification documentation for all persons employed at the facility during the residency.

**RESPONSE:**

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:09:24 PM
61717-6

**REQUEST TO PRODUCE NO. 36:** Please produce all documentation reflecting disciplinary actions including reprimands and complaints by third parties, for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 37:** Please produce documents addressing or memorializing all complaints registered by employees who worked at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 38:** Please produce performance evaluations for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 39:** Please produce exit interviews/forms for all persons who ceased working at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 40:** Please produce resignation letters for all persons who resigned (voluntarily or involuntarily) from the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 41:** Please produce termination letters for all persons who were terminated from the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 42:** Please produce all internal memoranda, e-mails, or any other documents that reflect discussions of staffing issues at the facility during the residency, and for the period six months prior to the residency.

**RESPONSE:**

11

Filed        16-CI-01018      09/22/2016      Brandi Duvall, Warren Circuit Clerk      ORIGINAL DOCUMENT
10/21/2016 03:09:24 PM
81717-6

**REQUEST TO PRODUCE NO. 43:**  Please produce all documentation regarding any personnel agency staff utilized during the residency, including, but not limited to:

    (a) Invoices for services rendered;

    (b) Schedules that reflect the use of agency staff; and

    (c) Classification of nursing personnel utilized (i.e. RNs, LPNs, CNAs)

**RESPONSE:**

**REQUEST TO PRODUCE NO. 44:**  Please produce all reports or documents that reflect personnel turnover that occurred at the facility during the residency and for the period three months prior to the residency.

    **RESPONSE:**

**REQUEST TO PRODUCE NO. 45:**  Please produce all payroll journals for the facility during the residency.

    **RESPONSE:**

**REQUEST TO PRODUCE NO. 46:**  Please produce all documents that reflect or relate to maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency and for the period six months prior to the residency.

    **RESPONSE:**

**REQUEST TO PRODUCE NO. 47:**  Please produce all documents received from or provided to the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, and/or Department of Elder Affairs, regarding Ewing Gray Rascoe.

    **RESPONSE:**

Filed        16-CI-01018      09/22/2016      Brandi Duvall, Warren Circuit Clerk

**REQUEST TO PRODUCE NO. 48:**  Please produce all documentation from any division or bureau of or any local, state, or federal governmental entity which sets forth findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility during the residency and for the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 49:**  Please produce all documents and/or reports referred to in Defendants' response to Interrogatory Nos. 6, 8, and 11 of Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 50:**  Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility anytime during the residency and for the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 51:**  Please produce all licenses issued by any state agency to operate the facility that were in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 52:**  Please produce all contracts between the owner of the facility and any entity that managed the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 53:**  Please produce quality indicator reports that reflect facility statistics during the residency and for the period six months prior to the residency.

**RESPONSE:**

13

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:09:24 PM
81717-6

**REQUEST TO PRODUCE NO. 54:**  Please produce all documents that concern Ewing Gray Rascoe in any way that have not been produced in response to any request for production above.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 55:**  Please produce any and all contracts that any Defendant in this matter has with any other named Defendant in this matter.

**RESPONSE:**

<div style="margin-left: 40%">

Respectfully submitted,

Elizabeth Jean Rascoe, as Executrix of the Estate of Ewing Gray Rascoe

By:*/s/ Robert W. Francis*
Brent L. Moss (KY 93418)
Brian D. Reddick (KY 90762)
Robert W. Francis (KY 96426)
Joshua K. Smith (KY 96541)
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, AR 72202
Telephone:     (501) 907-7790
Facsimile:     (501) 907-7793

*Attorneys for Plaintiff*

</div>

14

10/21/2016 03:08:26 PM
81717-6

*Filed Electronically*

# COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF WARREN COUNTY
### DIVISION _____

### Civil Action File No. 16-CI-_____

Elizabeth Jean Rascoe, as Executrix of                                   **PLAINTIFF**
the Estate of Ewing Gray Rascoe

v.          **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
**DIRECTOR OF NURSING DEFENDANT, JANAY ATKINSON**

UHS of Bowling Green, LLC d/b/a                                   **DEFENDANTS**
Rivendell Behavioral Health Hospital
c/o CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY 40601

Universal Health Services, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1206 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

UHS of Delaware, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
Via Kentucky Secretary of State

Universal Health Realty Income Trust
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201
Via Kentucky Secretary of State

Janay Atkinson, in her capacity as Director of
Nursing for Rivendell Behavioral Health Services
2370 Richardsville Road
Bowling Green, KY 42013

Comes the Plaintiff, by counsel, and propounds the following First Set of Interrogatories

and Requests for Production of Documents to separate Defendant, Janay Atkinson, in her capacity

as Director of Nursing ("DON") of Rivendell Behavioral Health Hospital, to be answered under oath and in accordance with the Kentucky Rules of Civil Procedure:

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."*   The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Identify" (with respect to persons).*   When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

5.      *"Identify" (with respect to documents).*   When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

6.      *"Residency."*  For purposes of these Interrogatories, "residency" is defined as the period during which time Ewing Gray Rascoe was admitted as a resident of Rivendell Behavioral Health Hospital, located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk          10/21/2016 03:08:26 PM
81717-6

from approximately December 30, 2014 and remained a resident there until approximately January 14, 2015.

7.  *"Facility."* For purposes of these Interrogatories, "facility" is defined as Rivendell Behavioral Health Hospital, located at 1035 Porter Pike Road, Bowling Green, Warren County, Kentucky.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name address and telephone number all individuals that you reported facility operational matters to, and whether on a daily, weekly or monthly basis.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the procedures utilized by you during the state survey process at the facility while you were DON during Ewing Gray Rascoe's residency, including, but not limited to:

(a)   Individuals and their titles who were notified that a survey was being conducted,

(b)   Any initiatives undertaken by you or your staff; and,

(c)   Preparations made for survey exit conferences with the state surveyors.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify the areas of care and treatment that you routinely discussed with incoming residents and/or their families regarding the services your facility would provide at the facility while you were DON during Ewing Gray Rascoe's residency.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify the procedure for implementing a plan of correction after deficiencies were cited by state surveyors at the facility while you were DON during Ewing Gray Rascoe's residency.

Filed          16-CI-01018     09/22/2016          Brandi Duvall, Warren Circuit Clerk

10/21/2016 03:08:26 PM
81717-6

**ANSWER:**

**INTERROGATORY NO. 5:**  Please identify all facilities where you worked in the capacity of DON.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please identify the year that you became a DON and a registered nurse.

**ANSWER:**

**REQUEST TO PRODUCE NO. 1:**  Please provide a copy of your nursing license.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Please identify by name and dates of submission all reports that you submitted to either a corporate or home office regarding quality of care issues at the facility while you were DON during Ewing Gray Rascoe's residency (i.e. staffing, acuity levels, levels of care, decubitus, quality indicators, etc.).

**ANSWER:**

**INTERROGATORY NO. 8:**  Please identify the procedures utilized to investigate problems at the facility while you were DON during Ewing Gray Rascoe's residency including, but not limited to:

     (a)     Abuse (whether verbal or physical);

     (b)     Pressure sores;

     (c)     Injuries of unknown origin; and,

     (d)     Staff treatment of residents.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify the procedure for notifying a resident's family of any of the following:

Filed          16-CI-01018   09/22/2016          Brandi Duvall, Warren Circuit Clerk

(a)     Accidents with injury;

(b)     Resident fund inquiries;

(c)     Medicare and/or Medicaid payment withholdings; and,

(d)     Significant changes in the resident's condition.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify the procedure for notifying the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, Department of Elder Affairs, or law enforcement offices of any of the following that occurred at the facility while you were DON during Ewing Gray Rascoe's residency:

(a)     Accidents with injury;

(b)     Resident fund inquiries;

(c)     Medicare and/or Medicaid payment withholdings; and,

(d)     Significant changes in the resident's condition resulting in the resident being in immediate jeopardy.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please identify whether you ever notified residents and/or their families of any deficiencies cited by the Cabinet for Health and Family Services or the Office of Inspector General at the facility while you were DON during Ewing Gray Rascoe's residency. If so, please identify how the residents and/or their families were notified.

**ANSWER:**

**INTERROGATORY NO. 11:**  While you were employed at the facility as DON, did the facility ever provide refunds to residents and/or the state for services and care not provided during Ewing Gray Rascoe's residency?

5

Filed                16-CI-01018        09/22/2016        Brandi Duvall, Warren Circuit Clerk    FILED ELECTRONICALLY DOCUMENT
10/21/2016 03:08:26 PM
81717-6

**ANSWER:**

**INTERROGATORY NO. 12:**  Please identify all of your responsibilities as DON of the facility during Ewing Gray Rascoe's residency.

**ANSWER:**

**INTERROGATORY NO. 13:**  Please identify the process utilized to evaluate your job performance at the facility while you were DON during Ewing Gray Rascoe's residency including the name, address and phone number of the individual who performed this evaluation.

**ANSWER:**

**INTERROGATORY NO. 14:**  Please identify the procedures and processes utilized by you, while you were DON during Ewing Gray Rascoe's residency, to evaluate the job performance of persons at the facility in supervisory positions, including but not limited to the Assistant Director of Nursing.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please state the nature of your involvement, if any, with the preparation and submission of the facility annual budget report at the facility while you were DON during Ewing Gray Rascoe's residency.

**ANSWER:**

**INTERROGATORY NO. 16:**  Please list the names of the persons who assisted you in preparing the facility annual budget reports at the facility while you were DON during Ewing Gray Rascoe's residency.

**ANSWER:**

**INTERROGATORY NO. 17:**  Please identify the name and occupation of the person or persons who gave the final approval of the budget at the facility while you were DON during Ewing Gray Rascoe's residency.

6

**ANSWER:**

**INTERROGATORY NO. 18:** During your tenure as DON at the facility, which segment or component in the annual facility budget represented the largest cost to the facility?

**ANSWER:**

**REQUEST TO PRODUCE NO. 2:** Please provide copies of all documentation that you currently have in your possession regarding your duties as the DON of the facility.

**RESPONSE:**

**INTERROGATORY NO. 19:** Please describe in detail your educational background, which qualified you for your position as DON.

**ANSWER:**

**INTERROGATORY NO. 20:** Please describe all continuing education you have completed in the past three years.

**ANSWER:**

Respectfully submitted,

Elizabeth Jean Rascoe, as Executrix of the Estate of Ewing Gray Rascoe

By: */s/Robert W. Francis*
    Brent L. Moss (KY 93418)
    Brian D. Reddick (KY 90762)
    Robert W. Francis (KY 96426)
    Joshua K. Smith (KY 96541)
    **Reddick Moss, PLLC**
    One Information Way, Suite 105
    Little Rock, AR 72202
    Telephone:   (501) 907-7790

    *Attorneys for Plaintiff*

7



AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **16-CI-01018**
81717-6
Court:    **CIRCUIT**
County: **WARREN**

10/21/2016 03:10:37 PM

---

*Plantiff,* RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO:  **JANAY ATKINSON**
**DON, RIVENDELL BEHAVIORAL**
**2370 RICHARDSVILLE RD**
**BOWLING GREEN, KY 42013**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brandi Duvall, Warren Circuit Clerk
Date: **09/22/2016**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

---



Page 1 of 1

eFiled

NOT ORIGINAL DOCUMEN
10/21/2016 03:09:46 PM
81717-6

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **16-CI-01018**<br>Court:   **CIRCUIT**<br>County: **WARREN** |

*Plaintiff,* RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO: **UHS OF DELAWARE, INC.**
       **C/O THE CORPORATION TRUST COMPANY**
       **1209 ORANGE ST.**
       **WILMINGTON, DE 19801**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Brandi Duvall, Warren Circuit Clerk
                                        Date: **09/22/2016**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                        _____
                                               Served By
                                        _____
                                               Title

Summons ID: @00000287706,
CIRCUIT: 16-CI-01018 Long Arm Statute – SOS - Restricted Delivery
RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R







AOC-E-105       Sum Code: CI
Rev. 9-14

10/21/2016 03:10:12 PM
81717-6

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

Case #: **16-CI-01018**
Court:  **CIRCUIT**
County: **WARREN**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

*Plantiff,* RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO:  **UNIVERSAL HEALTH REALTY INCOME TRUST**
     **C/O THE CORPORATION TRUST INCORPORATED**
     **351 W. CAMDEN ST**
     **BALTIMORE, MD 21201**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                     /s/ Brandi Duvall, Warren Circuit Clerk
                     Date: **09/22/2016**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                        _____
                                  Served By

                        _____
                                    Title

---

Summons ID: @00000287707,
CIRCUIT: 16-CI-01018 Long Arm Statute – SOS - Restricted Delivery
RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R





Case 1:16-cv-00173-GNS-HBB Document 1-1 Filed 10/25/16 Page 68 of 72 PageID #: 76

NOT ORIGINAL DOCUMENT
10/21/2016 03:09:08 PM
81717-6

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **16-CI-01018**<br>Court:    **CIRCUIT**<br>County: **WARREN** |

*Plantiff*, RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO:  **UNIVERSAL HEALTH SERVICES, INC.**
      **C/O THE CORPORATION TRUST CO.**
      **1206 ORANGE ST**
      **WILMINGTON, DE 19801**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ Brandi Duvall, Warren Circuit Clerk
                                        Date: **09/22/2016**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____        _____
                                                    Served By

                                          _____
                                                    Title

---

Summons ID: @00000287705,
CIRCUIT: 16-CI-01018 Long Arm Statute – SOS - Restricted Delivery
RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R



Page 1 of 1

*eFiled*

Case 1:16-cv-00173-GNS-HBB   Document 1-1   Filed 10/25/16   Page 69 of 72 PageID #: 77

AOC-E-105        Sum Code: CI
Rev. 9-14



Case #: **16-CI-01018**

Court:   **CIRCUIT**

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

County: **WARREN**

CR 4.02; Cr Official Form 1

### CIVIL SUMMONS

---

*Plantiff,* RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO:  **UHS OF BOWLING GREEN, LLC D/B/A RIVENDELL**
**C/O CT CORPORATION SYSTEM**
**306 W. MAIN ST, STE 512**
**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brandi Duvall, Warren Circuit Clerk
Date: **09/22/2016**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

---

Summons ID: @00000287704,
CIRCUIT: 16-CI-01018 Certified Mail
RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R



*eFiled*

Page 1 of 1

Filed          16-CI-01018   09/26/2016          Brandi Duvall, Warren Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                          10/21/2016 03:11:49 PM



AOC-E-105          Sum Code: CI                                           81717-6
Rev. 9-14                                                                 Case #: **16-CI-01018**
Commonwealth of Kentucky                                                  Court:   **CIRCUIT**
Court of Justice    Courts.ky.gov
                                                                         County: **WARREN**
CR 4.02; Cr Official Form 1                    **CIVIL SUMMONS**

*Plaintiff,* RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R, *Defendant*

TO:  **JANAY ATKINSON**
     **DON, RIVENDELL BEHAVIORAL**
     **2370 RICHARDSVILLE RD**
     **BOWLING GREEN, KY 42013**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                   /s/ Brandi Duvall, Warren Circuit Clerk
                                   Date: 09/22/2016

**Proof of Service**

This Summons was:

[X] Served by delivering a true copy and the Complaint (or other initiating document)

To: ___JANAY ATKINSON___

[ ] Not Served because: _____

Date: _9-25_  20_16_                        _V. HADZIMUSIC_
                                            Served By

          WARREN COUNTY SHERIFF              _DEPUTY_
                                             Title

Summons ID: @00000287708, WARREN COUNTY SHERIFF
CIRCUIT: 16-CI-01018 Sheriff Service
RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R



**Page 1 of 1**

*eFiled*

Filed          16-CI-01018   09/26/2016          Brandi Duvall, Warren Circuit Clerk

Presiding Judge: HON. JOHN R. GRISE (608217)

package : 000002 of 000048

CI : 000001 of 000001

NO : 000001 of 000002

Filed 16-CI-01018 09/26/2016 Brandi Duvall, Warren Circuit Clerk

NOT ORIGINAL DOCUMENT
10/21/2016 03:11:19 PM
81717-6

WARREN COUNTY SHERIFF'S DEPARTMENT

| DATE SERVICE ATTEMPTED | MILITARY TIME | DEPUTY | COMMENTS |
| --- | --- | --- | --- |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

NO : 000002 of 000002

Filed 16-CI-01018 09/26/2016 Brandi Duvall, Warren Circuit Clerk

**Commonwealth of Kentucky**

**Brandi Duvall, Warren Circuit Clerk**

10/21/2016 03:08:50 PM
81717-6

| Case #: 16-CI-01018 | Envelope #: 292498 | |
| --- | --- | --- |
| Received From: JOSHUA SMITH | | Account Of: JOSHUA SMITH |
| Case Title: RASCOE, ELIZABETH JEAN VS. UHS OF BOWLING GREEN, LLC D/B/A R | | |

| # | Item Description | Amount |
| --- | --- | --- |
| 1 | Civil Filing Fee | $115.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $10.00 |
| 4 | Library Fee | $2.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $60.00 |
| 8 | Money Collected For Others(Postage) | $13.31 |
| 9 | Charges For Services(Copy - Photocopy) | $4.70 |
| 10 | Money Collected For Others(Postage) | $45.60 |
| 11 | Money Collected For Others(Secretary of State) | $44.85 |
| 12 | Charges For Services(Copy - Photocopy) | $28.20 |
| 13 | Charges For Services(Attestation) | $0.50 |
| 14 | Money Collected For Others(Warren Co. Sheriff) | $50.00 |
| 15 | Money Collected For Others(Warren Electronic Service Copies) | $4.80 |
| | TOTAL: | $428.96 |