UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| ELIZABETH JEAN RASCOE, as Executrix of the Estate of Ewing Gray Rascoe, <br><br> Plaintiff <br><br> vs. <br><br> UHS of Bowling Green, LLC d/b/a Rivendell Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., Universal Health Realty Income Trust, and Janay Atkinson, in her capacity as Director of Nursing for Rivendell Behavioral Health Services, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Action No.: 1:16-CV-173-GNS |

### DEFENDANTS UHS OF BOWLING GREEN, LLC d/b/a RIVENDELL BEHAVIORAL HEALTH HOSPITAL, UNIVERSAL HEALTH SERVICES, INC., UHS OF DELAWARE, INC., AND UNIVERSAL HEALTH REALTY INCOME TRUST ANSWER TO FIRST AMENDED COMPLAINT

Come the Defendants, UHS of Bowling Green, LLC, d/b/a Rivendell Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., and Universal Health Realty Income Trust (collectively "UHS defendants"), by counsel, and for their Answer to Plaintiff's First Amended Complaint, states as follows:

### FIRST DEFENSE

1.      These Defendants are without sufficient knowledge or information to either affirm or deny the allegations in numerical Paragraphs 1, 2, 3, 9, 13, 14 and 54 of the First Amended Complaint and therefore deny same.

2. These Defendants deny Paragraphs 5, 6, 7, 8, 12, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 29, 30, 31, 32, 39, 40, 41, 43, 46, 47, 48, 49, 50, 51, 53, 55 and 57 of the First Amended Complaint and specifically deny negligence or wrongdoing.

3. No allegations are made in Paragraphs 10, 11 and 58 of the First Amended Complaint. To the extent that any response is required, the UHS defendants deny the allegations set forth therein.

4. With respect to Paragraphs 20, 27, 33, 42, 52 and 56 of the First Amended Complaint, these Defendants incorporate by reference their responses to the Paragraphs enumerated therein.

5. Paragraphs 4, 21, 28, 34, 35, 36, 37, 38, 44 and 45 of the First Amended Complaint call for legal conclusions to which no response is required. To the extent that any response is required, the UHS defendants deny the allegations set forth therein.

6. Any allegation contained in Plaintiff's First Amended Complaint not expressly admitted or addressed above is hereby expressly denied.

## SECOND DEFENSE

7. The First Amended Complaint fails to state claims against these Defendants upon which relief can properly be granted.

8. This Court lacks personal jurisdiction to determine any claim set forth in the First Amended Complaint against UHS of Delaware, Inc., Universal Health Services, Inc. or Universal Health Realty Income Trust.

## THIRD DEFENSE

9. To the extent supported by proof at trial, Plaintiff's decedent's injuries and damages, if any, were caused in whole or in part, by his own negligent or wrongful acts and/or omissions but for which they would not have occurred and for which these Defendants are not responsible or

liable.

### FOURTH DEFENSE

10. To the extent supported by proof at trial, Plaintiff's decedent's injuries and damages, if any, were caused in whole or in part, by the negligent or wrongful acts and/or omissions of other individuals or entities but for which they would not have occurred and for which these Defendants are not responsible or liable. Kentucky's law on comparative fault, including but not limited to KRS 411.182, is pled as a defense herein.

### FIFTH DEFENSE

11. These Defendants state that at the time and place and on the occasion complained of in the Plaintiff's First Amended Complaint, the Plaintiff's decedent's injuries and damages, if any, were caused and brought about by superseding and intervening events, not within the control of these Defendants, and these Defendants plead and rely upon the same as a complete and/or partial bar to all claims against them.

### SIXTH DEFENSE

12. In defense of Plaintiff's claim for punitive damages, these Defendants hereby incorporate by reference the terms and provisions of KRS 411.184 and 411.186, as well as the applicable terms, provisions, and protection afforded by the Constitution of the United States and the Commonwealth of Kentucky.

### SEVENTH DEFENSE

13. The First Amended Complaint is barred by the applicable statute of limitations.

### EIGHTH DEFENSE

14. These Defendants reserve the right to amend this responsive pleading to include additional affirmative defenses which further discovery may reveal.

**WHEREFORE**, Defendants, UHS of Bowling Green, LLC, d/b/a Rivendell Behavioral Health Hospital, Universal Health Services, Inc., UHS of Delaware, Inc., and Universal Health Realty Income Trust, by counsel, respectfully demand as follows:

1. That the Plaintiff's Complaint against them be dismissed with prejudice;

2. For their costs herein expended, including a reasonable attorney fee;

3. Trial by jury on all issues so triable; and

4. For any and all other relief, legal or equitable, to which they may appear entitled.

Respectfully submitted,

PHILLIPS PARKER ORBERSON & ARNETT, P.L.C.

By: /s/ Sean Ragland
Sean Ragland, Esq.
Nicholas R. Hart, Esq.
716 West Main Street, Suite 300
Louisville, Kentucky 40202
(502) 583-9900
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 26, 2016, I electronically filed this document through the ECF system, and also mailed a true and accurate copy of the foregoing, via U.S. mail, postage pre-paid to:

Brent L. Moss
Brian D. Reddick
Robert W. Francis
Joshua K. Smith
REDDICK MOSS, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
*Counsel for Plaintiff*

                /s/ Sean Ragland
                Sean Ragland, Esq.
                Nicholas R. Hart, Esq.
                716 West Main Street, Suite 300
                Louisville, Kentucky 40202
                (502) 583-9900
                *Counsel for Defendants*